# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOSHUA PASSMAN (#540262)                           CIVIL ACTION NO.

VERSUS                                                            21-213-BAJ-SDJ

JAMES LeBLANC

## <u>ORDER</u>

Joshua Passman, who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana, instituted this action on or about April 15, 2021, against James LeBlanc pursuant to 42 U.S.C. § 1983.[1]  Passman has alleged he was held in disciplinary segregation for 50 days, instead of 10 days, the maximum amount of time allowed.[2]  In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates the defendants' participation in the alleged wrong.[3]  The Supreme Court has held that "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."[4]  The Court only discerns two potential causes of action from Passman's facts: (1) a due process claim for being held in disciplinary segregation and (2) a conditions of confinement claim.  However, Passman has failed to adequately tie these claims to James LeBlanc, his sole Defendant.[5]  Rather than dismissing Passman's complaint outright, the Court will provide him with an opportunity to cure the deficiencies of his complaint.  Accordingly,

**IT IS ORDERED** that Plaintiff shall have thirty (30) days from the date of this order to file an amended complaint on the standardized § 1983 lawsuit form (the same form he used before),

---

[1] R. Doc. 1.

[2] R. Doc. 1, p. 4.

[3] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

[5] Though Passman has alleged LeBlanc has failed to follow the rule book for adult offenders, violation of prison rules and regulations alone is insufficient to state a claim of constitutional dimension.  *Ellis v. Garcia*, 159 F.3d 1357 (5th Cir. 1998), (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

stating specific facts to support his claims. Plaintiff shall list each defendant individually and explain the acts or omissions of each defendant that Plaintiff believes violated his constitutional rights. Plaintiff is placed on notice that his claims may be dismissed if he fails to provide the Court with the required information. Plaintiff's amended complaint must expressly state the following:

1) All facts regarding James LeBlanc's personal involvement in having you held in disciplinary segregation;

2) Any facts regarding policies or practices put in place by James LeBlanc that were the moving force behind the alleged constitutional violation;

3) The total length of time you were held in disciplinary segregation;

4) Describe with particularity all conditions of disciplinary segregation, *e.g.*, were you allowed phone calls, what contact did you have with other individuals, were you in a cell with another inmate, was the cell light on 24 hours per day, etc.; and

5) Any other conditions of disciplinary segregation relevant to the claims herein.[6]

Plaintiff is placed on notice than an amended complaint takes the place of the previous complaints.[7]  His amended complaint will be the operative complaint for this lawsuit and must include all defendants, claims, and facts.  Plaintiff is instructed to place the cause number "3:21cv213" on the amended complaint and on all documents that he files in this lawsuit.

Signed in Baton Rouge, Louisiana, on October 28, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] The Court notes that the Fifth Circuit has held that 18 to 19 months under even the most isolated of conditions may not implicate a liberty interest.  *Bailey v. Fisher*, 647 Fed.Appx. 472, 476 (5th Cir. 2016) (citing *Wilkerson v. Goodwin*, 774 F.3d 845, 855 (5th Cir. 2014)).
[7] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).