# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOSHUA PASSMAN (#540262)**                     **CIVIL ACTION NO.**

**VERSUS**                                       **21-213-BAJ-SDJ**

**JAMES LeBLANC, ET AL.**

## NOTICE

     Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 2, 2022.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOSHUA PASSMAN (#540262)**                    **CIVIL ACTION NO.**

**VERSUS**                                                      **21-213-BAJ-SDJ**

**JAMES LeBLANC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Joshua Passman, an inmate confined at the Louisiana State Penitentiary in Angola, Louisiana, who is representing himself.[1]  Based on the screening process for such complaints, it is recommended that Passman's federal claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, that supplemental jurisdiction over any state law claims be declined, and that this case be closed.[2]

### I.      Background

Passman filed suit under 42 U.S.C. § 1983 against James LeBlanc, Tara Graffia, Vincent Knight, Capt. Joseph Lamartinere, and Darrel Vannoy.[3]  Passman alleges his due process rights were violated because he was sentenced to 50 days of disciplinary segregation, when he should have only been sentenced to ten.[4]  Passman requests monetary and injunctive relief.[5]

---

[1] R. Doc. 5.  This is the operative complaint.  *See* R. Doc. 4.
[2] Because Passman is proceeding *pro se*, he was provided with an opportunity to amend prior to the issuance of this Report and Recommendation.  R. Docs. 4 & 5.  *See Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (*pro se* litigants should ordinarily be offered an opportunity to amend prior to dismissal).  Despite the opportunity to amend, Passman's complaint still fails to state a cognizable federal claim.
[3] R. Doc. 5, p. 4.
[4] R. Doc. 5, pp. 4-5.
[5] R. Doc. 5, p. 5.

## II.     Law & Analysis

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[6]  The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[8]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] While the

---

[6] §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff.  Passman was granted permission to proceed *in forma pauperis* on April 20, 2021 (R. Doc. 3), so both statutes apply.

[7] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[8] *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996).

[9] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[10] *Id.*

screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[11] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[12] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[13]   A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[14]

### B.  Passman has Not Stated a Due Process Claim

Passman alleges that for one disciplinary report, he was sentenced to 50 days of disciplinary segregation, but the rule book for adult offenders dictates that the maximum sentence an offender is to receive for a single report is ten days.[15]  To the extent prison rules and regulations dictate the length of time an inmate may be sentenced to segregated confinement for various infractions,[16] violation of those internal rules and regulations does not give rise to a claim of constitutional dimension.[17]

To the extent Passman argues that the 50-day sentence violated the Due Process clause, that argument also fails.  The Due Process clause of the Fourteenth Amendment prohibits state officials from depriving "life, liberty, or property without due process of law."[18]  Analysis of

---

[11] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

[12] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[13] *Denton*, 504 U.S. at 33, (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[14] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[15] R. Doc. 5, p. 4.

[16] Passman alleges that "Matrix" sentencing guidelines are now being used to sentence inmates and that the sanctions imposed are improper.

[17] *Lewis v. Secretary of Public Safety and Corrections*, 870 F.3d 365, 369 (5th Cir. 2017) ("The LaDPSC and CCA internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right.") (internal citations omitted)). *See also Humphrey v. Banks*, 777 Fed.Appx. 767, 768 (5th Cir. 2019) (the plaintiff "has not shown that the district court erred by dismissing for failure to state a claim his claim that prison officials violated an internal policy by assigning him to a unit that housed gang-affiliated inmates.  Violations of prison rules or regulations, without more, do not give rise to a cause of action.").

[18] U.S. Const., Amend. XIV.

procedural due process also involves two steps: "the first asks whether there exists a liberty or property interest which has been interfered with by the State…the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient…."[19]  Here, because the deprivation is not for life or property, Passman's claims hinge on whether he has been deprived of a liberty interest without adequate procedural protections.  However, mere placement in administrative segregation does not deprive an inmate of a liberty interest[20] because an inmate's constitutionally protected liberty interest is "generally limited to freedom from restraint which…imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life," and administrative segregation is "an incident to the ordinary life of a prisoner."[21]  Only when a prisoner demonstrates "extraordinary circumstances" may he maintain a due process challenge to a change in his custodial classification.[22]

In determining whether Passman's confinement posed an atypical and significant hardship evaluated in the context of prison life, such that a liberty interest arose, the relevant dispositive inquiry employs "a sliding scale, taking into account how bad the conditions are *and* how long they last."[23]  Despite the opportunity provided to Passman to amend his complaint,[24] he has wholly failed to describe the conditions he was subjected to in segregated confinement.  Because placement in segregated confinement alone does not give rise to a liberty interest, Passman cannot state a due process claim.[25]  Accordingly, his complaint is subject to dismissal.

---

[19] *Kentucky Dept. of Corrections v. Thompson*, 409 U.S. 454, 460 (1989).

[20] *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996).

[21] *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

[22] *Sandin v. Conner*, 515 U.S. 472, 84 (1995).

[23] *Bailey v. Fisher*, 647 Fed.Appx 472, 476 (5th Cir. 2016).

[24] R. Doc. 4.

[25] Even if Passman had described the conditions of segregation, he would not be able to state a claim because he was only in segregated confinement for 50 days, and 18-19 months of segregation under even the most isolated conditions may not implicate a liberty interest.  *See Bailey*, 647 Fed.Appx at 476-77 (citing *Wilkerson v. Goodwin*, 774 F.3d 845, 854-55 (5th Cir. 2014)) (noting "that two and a half years of segregation is a threshold of sorts for atypicality,…such that 18-19 months of segregation under even the most isolated conditions may not implicate a liberty interest.").

### C.  Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Passman seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[26]  Having recommended that Passman's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that Joshua Passman's claims against all Defendants be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this case be **CLOSED**.[27]

Signed in Baton Rouge, Louisiana, on May 2, 2022.


_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] 28 U.S.C. § 1367.
[27] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  If this Report and Recommendation is adopted, the Ruling will constitute a strike.