UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOSHUA PASSMAN (#540262)**  CIVIL ACTION

**VERSUS**

**JAMES LEBLANC, ET AL.**  NO. 21-00213-BAJ-EWD

### RULING AND ORDER

Before the Court is the Complaint filed by Plaintiff Joshua Passman. (Doc. 1). The Magistrate Judge has issued a **Report and Recommendation (Doc. 6)**, on May 2, 2022, recommending that the Court dismiss Plaintiff's Complaint pursuant to 28 U.S.C. 1915(e)(2) and 1915A. According to the Magistrate Judge's report, any objections were due on or before May 16, 2022.[1] Plaintiff filed an objection to the report and recommendation on May 17, 2022. (Doc. 7). However, even if Plaintiff's objections were timely filed, they still fail.

The Magistrate Judge determined that Plaintiff failed to state a due process claim because a violation of internal prison rules and regulations, standing alone,

---

[1] The Court notes that Plaintiff filed an untimely Objection to the Report and Recommendation. (Doc. 6). In the Report, however, the Magistrate Judge emphasized the following:

> Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT. (Doc. 6, p. 1)

1

does not give rise to a constitutional claim. (Doc. 6, p. 4). The United States Court of Appeals for the Fifth Circuit has determined that the Louisiana Department of Public Safety and Corrections' internal rules and regulations do not alone create federally protected rights, and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right. *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017); *see Humphrey v. Banks*, 777 Fed. Appx. 767, 768 (5th Cir. 2019) (the plaintiff "has not shown that the district court erred by dismissing for failure to state a claim his claim that prison officials violated an internal policy by assigning him to a unit that housed gang-affiliated inmates. Violations of prison rules or regulations, without more, do not give rise to a cause of action."). Absent a showing of "extraordinary circumstances," being placed in administrative segregation standing alone "will never be a ground for a constitutional claim" because it "does not constitute a deprivation of a constitutionally cognizable liberty interest." *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (citing *Pichardo v. Kinker*, 73 F.3d 612, 612-12 (5th Cir. 1996)).

Here, Plaintiff's Complaint simply states that he was placed in segregated confinement longer than the time allowed under internal prison procedures. (Doc. 1, p. 4). Plaintiff also failed to describe any condition that suggests his confinement was a "significant hardship" to him "in relation to the ordinary incidents of prison life." *Pichardo*, 73 F.3d at 612-13. Moreover, even if Plaintiff had described the conditions of segregation, he would not be able to state a claim because he was only in segregated confinement for 50 days, because even 18-19 months of segregation under the most

isolated conditions was found to not implicate a liberty interest. *See Bailey v. Fisher*, 647 Fed.Appx 472, 476 (5th Cir. 2016) (citing *Wilkerson v. Goodwin*, 774 F.3d 845, 854-55 (5th Cir. 2014)) (noting "that two and a half years of segregation is a threshold of sorts for atypicality,…such that 18-19 months of segregation under even the most isolated conditions may not implicate a liberty interest."). Thus, Plaintiff's Complaint is **DISMISSED**.

Accordingly,

Having carefully considered Plaintiff's Complaint and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

**IT IS ORDERED** that Plaintiff's claims against all Defendants be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that this case be **CLOSED**.

Baton Rouge, Louisiana, this 27th day of July, 2022

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA